Schwartzwald, J.
(dissenting). I am not persuaded that People v. Felberbaum (9 N Y 2d 213) has been overruled or rendered impotent by section 41 of the Criminal Court Act of the City of New York. On the contrary, it is my view that Felberbaum is controlling until such time as the Legislature manifests a clear and unequivocal intention to require that all defendants brought to trial in the Criminal Court, whether for a misdemeanor, offense or infraction, however trivial, be informed of their right to counsel. Thus far I am unable to discern any such indication from the Legislature.
Nor does the language of section 41, as stressed by the majority, mandate the conclusion they have reached herein. I am fully mindful of its provision that all sections of the Code of Criminal Procedure consistent with the Criminal Court' Act regulating and controlling the practice and procedure of the County Courts shall apply as far as may be to the practice and procedure of the Criminal Court. However, I fail to see any connection between the provisions of the Code of Criminal Procedure and the alleged duty to inform a defendant in the Criminal Court to the right to counsel where he is charged with the commission of an offense or infraction. It should be noted that the said code, insofar as it concerns itself with County Courts, treats with felonies and misdemeanors, and only in exceptional situations with “minor crimes” upon removal to the County Court or presentment of an indictment (Code Grim. Pro., § 39).
Section 188 of the Code of Criminal' Procedure requires a Magistrate-to inform a defendant of his right to counsel when brought before such Magistrate “ upon an arrest * * * on a charge of having committed a crime.” (Emphasis supplied.) A crime is either a felony or a misdemeanor (Penal Law, § 2). Since a traffic violation such as speeding is an infraction, the provisions of section 188 would appear to be without relevancy herein. For the same reason, the reference in section 41 to the practice and procedure in the County Courts is likewise inapplicable.
The distinction which has always existed between crimes and infractions or offenses has not been abolished by the enactment of the New York City Criminal Court Art (L. 1962, ch. 697), nor has the Penal Law been amended for such purpose. In the recent case of Matter of Martinis v. Supreme Court (15 N Y 2d 240, 249) the Court of Appeals reaffirmed this distinction when it stated that the situation there presented ‘ ‘ falls within the purview of the statutory scheme for *701 dealing separately with violations covered by the Vehicle and Traffic Law and those governed by the Penal Law.”
In the case of Courts of Special Sessions and Police Courts outside the City of New York, the Legislature has seen fit to require that a Magistrate must immediately inform the defendant before him of his right to the aid of counsel in every stage of the proceeding (Code Crim. Pro., § 699). Most significantly, no similar or comparable provision is to be found in the Criminal Court Act of the City of New York and none may be inferred. In point of fact, the Legislature deemed it necessary to amend the code in 1962 by adding section 740-d so as to make it clear that “ the provisions of this title one shall not be applicable to proceedings in the criminal court of the city of New York.”
As was pointed out by Judge Burke in the Felberbaum case (supra, pp. 215-216) the proposition whether defendants brought before any court should be informed of their right to counsel 11 is known to the Legislature as are the similar pronouncements of this court ’ ’. In the absence of clear and unmistakable legislative ukase that in all cases involving offenses and infraction below the grade of misdemeanor, the defendants should be informed of their right to counsel, I think we should hesitate to make so sweeping a pronouncement as might conceivably open a Pandora’s box and have a disruptive effect upon existing procedures in the Criminal Court of the City of New York.
I would therefore vote to affirm the judgment of conviction.
Gulotta, J., concurs; Schwartzwald, J., dissents in separate opinion.
Judgment of conviction reversed, etc.